IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                    No. 12-10140-08-JTM

SAMUEL GALINDO,
    Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant Samuel Galindo's Motion to Correct Sentence. (Dkt. 342). Galindo pled guilty in 2013 to use of a communication facility to distribute methamphetamine, and was sentenced to 96 months imprisonment (Dkt. 211), which was later shortened to 92 months following an amendment to the United States Sentencing Guidelines. (Dkt. 318). In his current motion, Galindo requests "a correction on my sentence" to increase the amount of credit for time served in state custody, and shorten his release date.

The calculation of the defendant's release date is a matter committed to the Bureau of Prisons, which "is responsible for computing the sentencing credit after the defendant has begun serving his sentence." *United States v. Woods*, 717 F.3d 654, 658 (8th Cir. 2013). The court lacks jurisdiction under 18 U.S.C. § 3582(c) to modify or alter a sentence once it has been imposed, except in very narrow circumstances. *See United States v. Jacks*, 787

Fed.Appx. 543 (10th Cir. 2019). Modification based upon a request for additional credit for time served in state custody does not fall within these limits. *See, e.g., United States v. Ambrose*, 2018 WL 4622582, *2 (E.D. Ky, July 17, 2018). *See also United States v. Tetty-Mensah*, 665 Fed. App'x 687, 690 (10th Cir. 2016) (district court had properly dismissed motion for sentencing reduction based on credit for time in custody, because "the Sentencing Guidelines are not jurisdiction-conferring statutes permitting [a] court to modify a sentence").

IT IS SO ORDERED this day of February, 2020, that the defendant's Motion to Clarify (Dkt. 342) is dismissed.

s/ J. Thomas Marten
J. Thomas Marten, Judge